**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DBSI, Inc., | No. CV 09-1205-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| FDIC as receiver for Silver State Bank, et al., | |
| Defendants. | |

The Notice of Removal in this case states that federal subject matter jurisdiction is conferred by 12 U.S.C. § 1811 and § 1831. However, the fact that the FDIC is a party to a case as a receiver does not automatically create federal subject matter jurisdiction. *See* 12 U.S.C. § 1819(b)(2)(B) & (D); *FDIC v. Bank of Boulder*, 911 F.2d 1466, 1471 (10th Cir. 1990) (adopting three-prong test to determine federal subject matter jurisdiction); *FDIC v. La Rambla Shopping Center, Inc.*, 791 F.2d 215, 220-21 (1st Cir. 1986) ("a suit...between a creditor and the FDIC as receiver shall not be deemed to arise under the laws of the United States" (internal quotations omitted)).

Because the complaint in this case involves only state law claims,

///
///
///
///

1     IT IS ORDERED that by August 10, 2009, Defendant FDIC as receiver of Silver State Bank shall file an amended notice of removal fully alleging federal subject matter jurisdiction or this case will be remanded for lack of federal subject matter jurisdiction.

DATED this 20th day of July, 2009.

_____
James A. Teilborg
United States District Judge